```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION** at **LEXINGTON**

CIVIL ACTION NO. 08-CV-02-JMH

PEDRO GARCIA,                                              PLAINTIFF,

VS:            **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, ET AL.,                          DEFENDANTS.

                      **\*\*\*   \*\*\*   \*\*\***

Plaintiff Pedro Garcia, an inmate confined in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), has filed this *pro se* civil rights action pursuant to 28 U.S.C. § 1331 under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  [Record No. 1]  Garcia has also submitted additional materials which he asks be considered along with his Complaint, as well as an Amendment to Complaint.  [Record Nos. 5, 7]

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  As Garcia is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his complaint are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court must dismiss a case at any time if it

1

determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

I. **Factual Background**

On May 21, 2007, Garcia enrolled in the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"). On September 26, 2007, the RDAP held an "amnesty day," when inmates could either mail or destroy excess property. After Garcia chose not to participate in this event, Adu Boateng, a psychology intern working at the RDAP, searched Garcia's living area and determined that the amount of property in his living area was excessive. Boateng also confiscated Garcia's *Gardens & Guns* magazine. Garcia alleges that he was originally told the magazine was confiscated because it might interfere with the rehabilitative goals of the RDAP, but was later told by RDAP staff that it was taken because he had an excessive amount of material in his living area. It appears the magazine was ultimately discarded by RDAP staff.

On October 9, 2007, Garcia completed a Form BP-229 grievance regarding the confiscation of his magazine. For reasons not disclosed in the record, the grievance was not marked as filed with the Warden's office until November 2, 2007. In his November 20, 2007 response, the Warden indicated that either ground articulated by RDAP staff for confiscating the magazine was appropriate, but acknowledged that RDAP staff should have completed a "confiscation form" before disposing of the magazine, and that they would be

directed to do so in the future. Garcia indicates that after he received the Warden's response, Dr. Hungness indicated in a conversation that Garcia could continue to receive the magazine, but refused to put this understanding in writing.

On November 28, 2007, Garcia filed a Form BP-230 to appeal the Warden's decision to the BOP's Mid-Atlantic Regional Office, arguing that his possession of the magazine was not a potential "trigger" to relapse into thoughts or activities contrary to the goals of the RDAP. On December 17, 2007, the Regional Office indicated that it was extending its time to respond to the appeal from December 3, 2007 to February 1, 2008. On December 31, 2007, the Regional Office denied Garcia's appeal on the same grounds set forth by the Warden.

On December 18, 2007, Garcia overslept and was 45 minutes late for a required AA meeting. RDAP staff responded by moving Garcia from a one-person room to a room with multiple persons, stating the goal was to "assist [Garcia] by helping to ensure he is not late to a meeting because he is sleeping." Garcia also met with RDAP staff regarding his progress with program goals. After these conversations, on December 21, 2007, RDAP staff required Garcia to complete two "Learning Experience" projects, which are extra reports that must be completed by those RDAP participants who are not demonstrating adequate progress towards meeting program goals. Garcia alleges that these extra projects were not assigned for the reasons stated by RDAP staff, but in retaliation for his filing a

3

grievance regarding the confiscation of his magazine.

Garcia filed his Complaint in this action on December 26, 2007, seeking an injunction to prevent the defendants from requiring him to complete the "Learning Experience" projects, a mandatory injunction directing the BOP create new regulations to deal with RDAP participants who suffer from mental illness or learning disabilities, and compensation for the destruction of his magazine. Garcia indicates that his cause of action arises under *Bivens*, but also refers to the Americans with Disabilities Act ("ADA") in the caption of his Complaint.

On or about December 27, 2007, RDAP staff questioned Garcia about the appropriateness of his responses in a questionnaire, and indicated that he was not putting forth a good effort in the RDAP program. Garcia responded that he suffers from an attention deficit disorder, depression, and a learning disability, all antecedent to a severe brain trauma, which impair his insight and judgment. Garcia provided RDAP with some documentation regarding a prior mental health condition, but these documents did not indicate any prior learning disability or traumatic brain injury, and Garcia subsequently refused to provide these documents to RDAP staff.

On December 29, 2007, Garcia filed another grievance regarding his treatment by RDAP staff, requesting that his disabilities be accommodated under the ADA. On January 4, 2008, the Warden denied the grievance, noting that Garcia never mentioned any learning

4

disability prior to receiving his Learning Experiences, and had in fact performed quite well during the first two phases of the program. The Warden also noted the absence of any mention of such a disability in any of Garcia's central, medical, or psychological files.

On January 8, 2008, the Court entered an Order directing Garcia to show cause why his Complaint should not be dismissed without prejudice for failure to exhaust administrative remedies as required by 28 U.S.C. § 1997e. [Record No. 3] On January 24, 2008, Garcia filed his response. [Record No. 5] Garcia indicates that he is "in the process of completing the third and final phase of the administrative remedies" and that he would suffer irreparable harm if an injunction is not entered because RDAP staff have required him to start the program over again, thus delaying his eligibility for release to a Residential Re-Entry Center ("RRC") from August 1, 2008 to September 9, 2008. Garcia further alleges that RDAP staff are interfering with his ability to file grievances regarding these issues by not "appropriately" responding to his grievances. Garcia enclosed a copy of his Form BP-231 appeal dated January 16, 2008, to the BOP Central Office of Inmate Appeals regarding the confiscation of his magazine. Garcia also enclosed several barely-legible grievances filed in January 2008 with the warden regarding a number of recent conversations and interactions with RDAP staff.

On February 5, 2008, Garcia filed an Amendment to Complaint,

5

in which he indicates that on January 28, 2008, he was expelled from the RDAP program, and that he wishes to add a claim against Amanda Hughes for her role in having him expelled from the RDAP in retaliation for filing grievances against RDAP staff. Garcia includes with his Amendment a Form BP-229 grievance to the warden regarding this new claim.

**II. Discussion**

Federal law requires a prisoner challenging prison conditions pursuant to 42 U.S.C. § 1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). Garcia's Complaint and the voluminous materials filed with it demonstrate that Garcia failed to exhaust any of his claims prior to filing suit. Because Garcia did not satisfy the exhaustion requirement prior to filing his complaint, it must be dismissed without prejudice. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999); *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002).

In his filings Garcia has asked the Court to excuse him from the requirement that he exhaust his administrative remedies. Garcia's claim regarding confiscation of his magazine is before the Central Office, and there is no reason to excuse exhaustion of a claim that will be administratively resolved in such a short time.

6

With respect to Garcia's claims arising out of conduct occurring after he filed his Complaint, the BOP already has a mechanism in place to expedite consideration of a grievance. 28 C.F.R. § 542.18. That mechanism is an adequate means to obtain agency review of his grievances in a timely manner prior to filing suit. This is particularly so given that, even were the Court to grant Garcia the relief he requests and he were to successfully complete the RDAP program, Garcia indicates that his earliest eligibility for RRC placement is August 1, 2008, and because the BOP retains broad discretion to determine whether to award him the incentives described in 18 U.S.C. § 3621(e)(2). *Lopez v. Davis*, 531 U.S. 230 (2001) (noting that, under 18 U.S.C. § 3621(e), the BOP may, but need not, reduce sentence of nonviolent offender who successfully completes RDAP).

Second, the record before the Court strongly indicates that compliance with the exhaustion requirement is not only advisable here but necessary. One of the purposes of the exhaustion requirement is to ensure that the Court has an adequate record before it to review the agency action in question. *Woodford v. Ngo*, 126 S.Ct. 2378, 2384-86 (2006); *Fazzini v. Northeast Ohio. Corr. Center*, 473 F.3d 229, 232 (6th Cir. 2006). After the filing of the Complaint in this case, Garcia has added new claims and new parties arising out of conduct which occurred after the Complaint was initially filed. Without a full administrative record of the events in question, the Court has an inadequate evidentiary basis

7

upon which to review the claims asserted in the Complaint.

While the Court will dismiss Garcia's *Bivens* claims without prejudice in order to permit him to exhaust his administrative remedies, his disability claims will be dismissed with prejudice. The ADA does not apply to federal prisons or federal agencies. 42 U.S.C. § 12132; *Crowder v. True*, 1993 WL 532455, *5 (N.D. Ill. 1993) (unpublished disposition), *aff'd*, 74 F.3d 812 (7th Cir. 1995), or to individuals, *Miller v. King*, 384 F.3d 1248, 1276 (11th Cir. 2004).

However, because the Court liberally construes Garcia's *pro se* Complaint, it interprets his disability claims as arising under the substantively-similar Rehabilitation Act, 29 U.S.C. §794(a), which does apply to federal entities.  The RDAP is a "program or activity" subject to the Rehabilitation Act.  *Cf. Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). However, nothing in the record would support the assertion that Garcia is a "qualified individual with a disability" as described in 29 U.S.C. § 705(20), nor does Garcia allege that the Defendants undertook their actions because he is disabled.  Absent such an allegation expressly stated or reasonably inferred from the record, Garcia has failed to state a claim.  *Cf Andrews v. State of Ohio,* 104 F.3d 803, 807 (6th Cir. 1997) (disability plaintiff "must allege either that they are or are perceived to be handicapped within the definitions of each of the acts, that they are otherwise qualified for the job, and that they were discriminated against on the basis

8

of their disability."); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 277-79 (2nd Cir. 2003) (ADA plaintiff must show that her exclusion from benefits occurred "by reason of such disability" by demonstrating that disability was a "substantial cause" of the exclusion).

### III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff's *Bivens* claims in the Complaint [Record No. 1] are **DISMISSED WITHOUT PREJUDICE**; Plaintiff's claims under the Americans with Disabilities Act and/or Rehabilitation Act are **DISMISSED WITH PREJUDICE.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 12th day of February, 2008.



Signed By:

*Joseph M. Hood*

**Senior U.S. District Judge**